DAVID F. McDOWELL (CA SBN 125806)
Email: dmcdowell@mofo.com
SCOTT C. MOORE (CA SBN 203181)
Email: smoore@mofo.com
555 West Fifth Street, Suite 3500
Los Angeles, California 90013-1024
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TECHNOLOGY LICENSING COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> TARGET CORP., <br><br> Defendant. | Case No.   3:08-cv-697-CRB <br><br> ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL |

Defendant Target Corporation ("Target") hereby answers the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Technology Licensing Company, Inc., and sets forth affirmative and other defenses, as follows:

PLAINTIFF'S GENERAL ALLEGATIONS

1.     Target admits that Plaintiff has alleged infringement of a United States patent, a claim arising under 35 U.S.C. § 271. Target also admits that Plaintiff's Complaint seeks an award of damages and costs. Target otherwise denies the allegations of Paragraph 1 of the Complaint.

2.     Target admits that the United States District Court has exclusive jurisdiction over claims of patent infringement and active inducement of patent infringement. Target also admits that venue is proper in this Judicial District. Target lacks knowledge or information sufficient to

form a belief as to the truth or falsity of the remaining allegations of Paragraph 2 of the Complaint and therefore denies such allegations.

3. Target lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3 of the Complaint and therefore denies such allegations.

4. Target admits the allegations of Paragraph 4 of the Complaint.

5. Target denies that U.S. Patent No. 5,734,862 (the "'862 Patent") purports to claim "a system and method for making and/or viewing DVDs." Target lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 5 of the Complaint and therefore denies such allegations.

## COUNT I

6. Target admits that Count I of Plaintiff's Complaint alleges direct infringement of the '862 Patent (i.e., infringement under 35 U.S.C. § 271(a)). Target denies that it has directly infringed the '862 Patent.

7. Target repeats and realleges each and all of the responses contained in Paragraphs 1 through 5 as though those responses were set forth in full herein.

8. Target admits that it has offered for sale and sold APEX brand DVD players in this Judicial District and/or elsewhere in the United States. Target otherwise denies the allegations of Paragraph 8 of the Complaint.

9. Target denies that it has infringed the '862 Patent. Target lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 9 of the Complaint and therefore denies such allegations.

10. Target denies that it has infringed the '862 Patent. Target lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 10 of the Complaint and therefore denies such allegations.

11. Target denies the allegations of Paragraph 11 of the Complaint.

12. Target denies the allegations of Paragraph 12 of the Complaint.

## COUNT II

13. Target admits that Count II of Plaintiff's Complaint alleges that Target has actively induced infringement of the '862 Patent (i.e., infringement under 35 U.S.C. § 271(b)). Target denies that it has actively induced infringement of the '862 Patent.

14. Target repeats and realleges each and all of the responses contained in Paragraphs 1 through 5 as though those responses were set forth in full herein.

15. Target admits that it has offered for sale and sold APEX brand DVD players in this Judicial District and/or elsewhere in the United States. Target otherwise denies the allegations of Paragraph 15 of the Complaint.

16. Target denies the allegations of Paragraph 16 of the Complaint.

17. Target denies the allegations of Paragraph 17 of the Complaint.

18. Target denies that it has actively induced infringement of the '862 Patent. Target lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 18 of the Complaint and therefore denies such allegations.

19. Target denies that it has actively induced infringement of the '862 Patent. Target lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 19 of the Complaint and therefore denies such allegations.

20. Target denies the allegations of Paragraph 20 of the Complaint.

21. Target denies the allegations of Paragraph 21 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

22. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted in favor of Plaintiff and against Target Corp.

23. The claims of the '862 Patent are not directly infringed by the product(s) at issue in this lawsuit.

24. The activities of Target would not constitute active inducement of infringement even if the product(s) at issue in this lawsuit were found to infringe the '862 Patent.

25. By reason of statements made by or on behalf of the patent applicant during the prosecution of the '862 Patent and any related applications (including any reissue or

1  reexamination applications), Plaintiff is estopped from seeking any construction of the claims that
2  would cover the product(s) at issue in this lawsuit.
3       26.    Any construction of the '862 Patent that would embrace the product(s) at issue in
4  this lawsuit would render that patent invalid under 35 U.S.C. § 102, 35 U.S.C. § 103 and/or 35
5  U.S.C. § 112.
6       27.    To the extent any of Plaintiff's allegations is premised in whole or in part on the
7  activities of a licensee of Plaintiff or upon the use, sale or resale of products manufactured by a
8  licensee of Plaintiff, these activities, uses, sales and/or resales are licensed and/or covered by the
9  doctrine of patent exhaustion, and do not constitute patent infringement.
10      28.    Upon information and belief, Plaintiff is precluded from recovering any damages
11  for patent infringement by reason of laches.

12  <u>PRAYER FOR RELIEF</u>
13  WHEREFORE, Defendant Target Corporation prays:
14      a.    That Plaintiff take nothing;
15      b.    That the Court declare that Target has not infringed the '862 Patent;
16      c.    That the Court declare the '862 Patent invalid;
17      d.    That this case be deemed exceptional pursuant to 35 U.S.C. § 285 and that Target
18  be awarded attorneys' fees;
19      e.    That Target be awarded its taxable costs and disbursements; and
20      f.    That Target be awarded such other and further relief as the Court deems just and
21  proper.
22
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

JURY DEMAND

Defendant Target Corporation demands a trial by jury on all issues so triable.

Dated: April 7, 2008

DAVID F. McDOWELL
SCOTT C. MOORE
MORRISON & FOERSTER LLP


By: /s/ Scott C. Moore
    Scott C. Moore

Attorneys for Defendant
TARGET CORPORATION

Of Counsel:
JAMES R. STEFFEN
TIMOTHY J. CRUZ
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

Attorneys for Defendant
TARGET CORPORATION

la-972076